United States District Court
Southern District of Texas
**ENTERED**
April 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLE D. JONES ET AL., KINSHIP OF COOSA NATION OF NORTH AMERICA (USA), | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:22-cv-02686 |
| v. | § § § | |
| WALKER COUNTY SHERIFF DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendant State of Texas' Motion to Dismiss (ECF 8); Defendant City of Houston Police Department (HPD)'s Motion to Dismiss (ECF 10); Defendant Judge Hal R. Ridley's Motion to Dismiss (ECF 12); and Defendant District Court of Walker County, Texas' Motion to Dismiss (ECF 13). Also before the Court is Plaintiff's "Notice to Amend Parties" (ECF 3), which the Court construes to be a Supplemental Complaint. Having considered the parties' submissions and the applicable law, it is RECOMMENDED that this case be DISMISSED in its entirety as set forth below.[1]

## I.    Background

Plaintiff, proceeding *pro se*, filed an initial Complaint styled as an "Affidavit Requesting an Order for Emergency Injunction" on August 5, 2022. ECF 1. She purports

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 22.

1

to file "on behalf of myself and members of my family and nation." *Id.* at 1. The claims relate to actions taken by various authorities within the geographic boundaries of the State of Texas.

Plaintiff's first set of factual allegations involve records requests. Plaintiff alleges that while conducting "genealogical research" she was "racially profiled in the Washington County Clerks Offices," and "refused family records in Galveston County District Appraisal Office," "City of Houston Vital Static Office," and "Harris County Clerk's Office." *Id.* She further alleges that she "requested a variety of records, and land records, from the Texas Archives," to which she was denied access and "was told that the information [she] requested was intercepted." *Id.*

Plaintiff's second set of allegations relate to three traffic stops effected by Defendant City of Houston Police Department ("HPD"). On three occasions in March 2022, Plaintiff was pulled over by HPD officers and given citations. *Id.* at 2. On March 12, 2022, Plaintiff was given 5 citations for "speeding, no front license plate, object material on the rear window, no valid driver's license, and failure to notify DPS of change of address." *Id.* On March 17, 2022, Plaintiff was given a citation for speeding, and on March 24, 2022, she was given citations for "failure to wear a seat belt and failing to drive in a designated lane." *Id.* Plaintiff alleges that she was "racially profiled" on all three occasions because the authorities "document[ed her] as black" and not as Indigenous American. *Id.*

Plaintiff's third set of allegations involve a traffic stop in Walker County, Texas. She alleges that while driving on January 12, 2022, she was pulled over by authorities near Huntsville, Texas, and that she was then "pulled out" of the car, tased multiple times, and

2

"slammed down to the ground." *Id.* at 2. Plaintiff attached to her Complaint an Appearance Bond dated January 14, 2022 which indicates she was charged in Walker County with felony evading arrest with a vehicle. *Id.* at 11. Plaintiff further alleges that on September 26, 2022, she appeared before Presiding Judge Hal R. Ridley and that over her objection, he entered a plea of not guilty on her behalf. ECF 3 at 1-2, 14.

Plaintiff characterizes all these allegations as Defendants' collective "continuing acts of GENOCIDE (18 USC 1091) against me and members of my family, as the injured party, by using COLOR OF LAW tactics (18 USC 242) to terrorize us (18 USC 2331(5))." *Id.* at 1. She also claims Defendants violated her rights "in contravention of the United States Constitution, Indigenous Human Rights Treaty Law, and the Texas State Constitution." *Id.* at 3.

With respect to the remedy sought, Plaintiff seeks an "emergency injunction" in the form of (verbatim):

> (1) a STAY AWAY order from WALKER COUNTY SHERIFF DEPARTMENT, CITY OF HOUSTON POLICE DEPARTMENT AND OTHER UNNAMED SECURITY FORCES, (2) VACATE color of law charges and tickets resulting from my assault of January 12, 2022, prior and subsequent "traffic stops" and (3) IMMEDIATE ACCESS to all public records we have been denied and that were intercepted.

*Id.*

Plaintiff's Complaint does not expressly state the basis for this Court's subject matter jurisdiction over her case. However, where a plaintiff is proceeding *pro se*, her pleadings are to be "'liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, the Court construes her Complaint liberally as alleging violations of the Constitution and/or federal statutes and

3

creating subject matter jurisdiction under 28 U.S.C. § 1331 which allows the Court to examine the sufficiency of her pleadings.

Before the Court are Motions to Dismiss filed by four Defendants: (1) the State of Texas (ECF 8), (2) Houston Police Department (ECF 10), (3) Judge Hal Ridley (ECF 12), and (4) District Court of Walker County (ECF 13). Defendant Walker County Sheriff Department has not appeared in this action. All four Motions call for the dismissal of Plaintiff's Complaint under Rules 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and multiple Defendants call for the dismissal of Plaintiff's claims as frivolous under 28 U.S.C. § 1915. ECF 12 at 3; ECF 13 at 3.

## II. Legal Standards

Plaintiff was granted leave to file this case in forma pauperis pursuant to Title 28 U.S.C. § 1915. *See* Case No. 4:22-MC-01337. When a Plaintiff proceeds under Section 1915, the court "***shall dismiss the case at any time*** if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit."). "A complaint may be dismissed as frivolous under § 1915 if it lacks an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

4

### III. Analysis

**A. Plaintiff's claims for violations of various federal criminal statutes and "Indigenous Human Rights Treaty Law" are frivolous and should be dismissed.**

Plaintiff alleges violations of various provisions of Title 18 of the United States Code: 18 U.S.C. § 1091 ("Genocide"); 18 U.S.C. § 242 ("Deprivation of rights under color of law); and 18 U.S.C. § 2331(5) (statutory definition of "domestic terrorism"). ECF 1 at 1. Plaintiff fails to identify any facts attributing the violations of these statutes to any named Defendant. Even if Plaintiff had alleged conduct by specific Defendants as violating these statutes, the allegations would be frivolous because, "[v]iolations of criminal statutes do not give rise to a private cause of action." *Neal v. Burns*, No. 3:19-CV-02908-N-BH, 2022 WL 18495899, at *4 (N.D. Tex. Dec. 29, 2022) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 . . . are criminal in nature and provide no civil remedies.")); *see also Gill v. State of Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (providing that 18 U.S.C. § 242 does not provide a basis for civil liability and civil claims brought under that provision should be dismissed as legally frivolous); 18 U.S.C. § 1092 (providing that § 1091 does not "creat[e] any substantive or procedural right enforceable by law by any party in any proceeding"). Plaintiff's arguments that Defendants are liable for violations of federal criminal statutes are frivolous because Plaintiff, as a private citizen, "has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill*, 153 F. App'x at 262. Thus, as to all Defendants, the claims based on violations of Title 18 should be dismissed as frivolous. *Id.*

5

Plaintiff also alleges that under "Indigenous Human Rights Treaty Law," she and other members of the "Coosa Nation of North America" are entitled to injunctive relief as "protected persons under the Geneva Convention." ECF 1 at 3. She attaches to her Complaint a "State of Emergency" prepared by the "Coosa Nation of North America," containing various references to publications of the United Nations, Organization of American States, and the Geneva Convention. The Court cannot discern a cause of action under these provisions and recommends as to all Defendants that these the claims be dismissed as devoid of merit, lacking an arguable basis in law and frivolous. *Siglar*, 112 F.3d at 193.

Finally, Plaintiff alleges that Defendants' conduct was "in contravention of the United States Constitution." ECF 1 at 3. Arguably, this allegation in Plaintiff's Complaint could be liberally construed to assert a claim for violation of her civil rights under Title 42 U.S.C. § 1983. However, Plaintiff has expressly objected to this construction of her Complaint:

> Plaintiff's case was never submitted under 42 USC 1983. This case is not a civil rights case, this case is a human rights case and thus Plaintiffs do not fall under the jurisdiction of the state as we are not citizens but inherent sovereigns under federalist principles.

ECF 14 at 1. A Plaintiff is the master of her Complaint. *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021) (per curiam) (citation omitted). Accordingly, where Plaintiff has expressly disclaimed an attempt to assert a cause of action under Section 1983, the Court will not address Defendant's arguments under Rule 12(b)(6) that her allegations fail to state a claim under that section.

Even under the most generous of constructions, the Court is unable to ascertain any cause of action contained in Plaintiff's Complaint or "Notice to Amend Parties" that is not frivolous or expressly disclaimed. Accordingly, and pursuant to Title 28 U.S.C. § 1915, the Court recommends that the Plaintiff's case be dismissed in its entirety.

### B. Granting Plaintiff leave to amend her Complaint would be futile.

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*, 587 F.3d at 767-68. However, denial of leave to amend is justified where it would be futile. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). Where Plaintiff's Complaint could arguably be construed as a claim for violations of her civil rights under Title 42 U.S.C. § 1983, claims which would fall under this Court's federal question jurisdiction, the Court considers whether Plaintiff could assert a viable claim for relief under that statute if given leave to amend her Complaint. With respect to all claims and all Defendants, the Court finds leave to amend would be futile because Plaintiff cannot assert a viable section 1983 claim and obtain her requested relief under Section 1983.

### 1. Plaintiff's claims against the State of Texas are barred by sovereign immunity.

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1053 (5th Cir. 1998) (clarifying

that a state's immunity from suit extends to claims brought pursuant to 42 U.S.C. § 1983). Plaintiff has not established the State's consent to her suit or identified any congressional abrogation of the State's sovereign immunity from her suit. Thus, leave to amend to reassert claims against the State of Texas would be futile.

### 2. Plaintiff cannot state a claim against Defendants District Court of Walker County, the Houston Police Department, and the Walker County Sheriff's Department because they are nonjural entities not subject to suit.

Claims brought against nonjural entities are subject to dismissal for failure to state a claim. *Carter v. Harris Cty. Jail*, Civil Action No. H-20-1998, 2020 WL 3288124, at *1 (S.D. Tex. June 18, 2020). Defendants District Court of Walker County, the Houston Police Department, and the Walker County Sheriff's Department are all nonjural entities not subject to suit. *Marshall v. Abbott*, No. 4:21-cv-384-SDJ-CAN, 2022 WL 671009, at *4 (E.D. Tex. Feb. 4, 2022), *memorandum and recommendations adopted*, No. 4:21-CV-384, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022) (collecting cases) ("Federal courts in Texas have uniformly held that courts are nonjural entities that are not subject to suit."); *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *5 (S.D. Tex. May 11, 2016) (analyzing the Charter of the City of Houston and concluding that the Houston Police Department lacks the power to sue or be sued), *report and recommendation adopted*, No. CV H-14-1705, 2016 WL 3077487 (S.D. Tex. May 31, 2016); *Miller v. City of Houston*, No. 4:11-CV-429, 2013 WL 6222539, at *4 (S.D. Tex. Nov. 29, 2013) ("In Texas, county sheriffs and police departments generally are not legal entities capable of being sued . . . ."). Thus, leave to amend to reassert claims against these entities would be futile.

### 3. Plaintiff's claims against Defendant Judge Hal R. Ridley do not present an actual controversy between adverse litigants.

Under Article III of the Constitution, federal courts have only the power to resolve "actual controversies arising between adverse litigants." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (quoting *Muskrat v. United States*, 219 S. Ct. 250 (1911)). This requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity. *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Here, Plaintiff's claim against Judge Ridley—namely, that he entered a plea of "not guilty" on her behalf and without her consent at her arraignment—derives entirely from actions taken in Judge Ridley's adjudicatory capacity and do not present an "actual controvers[y] arising between adverse litigants." *Jackson*, 142 S. Ct. at 532. Accordingly, leave to amend to assert claims against Judge Ridley would be futile.

### 4. This Court lacks a legal basis to order state governmental entities to provide Plaintiff's requested injunctive relief.

Plaintiff seeks various forms of injunctive relief from multiple state governmental entities, including entities not party to this suit. ECF 1 at 1-3. She has presented no plausible factual or legal basis for this Court's authority to (1) enjoin or dismiss the state court criminal proceedings against her; (2) provide her with "immediate access to all public records" purportedly denied to her by state governmental agencies not party to this suit; or (3) issue a general "STAY AWAY" order against multiple law enforcement entities. *Id.* at 3. Because the Court is unable to discern any plausible basis for granting the relief sought in her Complaint, including under Section 1983, leave to amend would be futile.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's claims against all Defendants be DISMISSED as frivolous under 28 U.S.C. § 1915 and that dismissal be with prejudice. The Court additionally or alternatively RECOMMENDS the following Defendants' Motions to Dismiss be GRANTED and the claims against them dismissed with prejudice because leave to amend would be futile: (1) Defendant State of Texas' Motion to Dismiss (ECF 8); (2) Defendant City of Houston Police Department (HPD)'s Motion to Dismiss (ECF 10); (3) Defendant Judge Hal R. Ridley's Motion to Dismiss (ECF 12); and (4) Defendant District Court of Walker County, Texas' Motion to Dismiss (ECF 13).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 27, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

10