United States District Court
Southern District of Texas
**ENTERED**
June 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLE D. JONES *et al*, KINSHIP OF COOSA NATION OF NORTH AMERICA (USA), | § § § § § § | CIVIL ACTION NO 4:22-cv-02686 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| WALKER COUNTY SHERIFF DEPARTMENT, *et al*, Defendants. | § § § § § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Nicole D. Jones, proceeding *pro se* and *in forma pauperis*, brought this action in August 2022 relating to actions taken by various authorities within the geographic boundaries of the State of Texas. Dkt 1. Plaintiff also filed a "Notice to Amend Parties" in September 2022, relating to actions taken by additional Defendants District Court of Walker County, Texas, and Presiding Judge Hal R. Ridley at a then-recent arraignment. Dkt 3. She alleges that all Defendants engaged in "GENOCIDE (18 USC 1091) against me and members of my family, as the injured party, by using COLOR OF LAW tactics (18 USC 242) to terrorize us (18 USC 2331(5))." Dkts 1 at 1 & 3 at 1.

Pending is a Memorandum and Recommendation by Magistrate Judge Christina A. Bryan dated April 27, 2023

on the motions to dismiss by Defendants the State of Texas, the City of Houston Police Department, Judge Hal R. Ridley, and the District Court of Walker County, Texas, and on the Court's own Motion. Dkt 34; see Dkts 8, 10, 12 & 13. She recommends that the Complaint be dismissed *sua sponte* under 28 USC § 1915, or alternatively, that the motions to dismiss be granted because (i) Plaintiff's claims for violations of federal criminal statutes and "Indigenous Human Rights Treaty Law" are frivolous; and (ii) granting Plaintiff leave to amend her Complaint to assert a claim under 42 USC § 1983 would be futile. Dkt 34 at 10.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Objections were due by May 11, 2023. Dkt 34. Plaintiff filed late objections on May 25, 2023. Dkt 36.

Objections by the Plaintiff are waived due to their late filing. Regardless, the objections are found to lack merit upon *de novo* review and determination. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Nichole D. Jones to the Memorandum and Recommendation are OVERRULED as untimely and as lacking in merit. Dkt 36.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 34.

Plaintiff's claims against all Defendants are DISMISSED WITH PREJUDICE AS FRIVOLOUS under 28 USC § 1915.

2

Alternatively, the separate motions to dismiss filed by Defendants State of Texas, City of Houston Police Department, Judge Hal R. Ridley, and District Court of Walker County, Texas are GRANTED. Dkts 8, 10, 12, 13.

The claims against them are DISMISSED WITH PREJUDICE because leave to amend would be futile.

SO ORDERED.

Signed on June 23, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge